# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
## GREENVILLE DIVISION


**JAAKOVIS FORD**                                                           **PLAINTIFF**

**V.**                                                      **NO. 4:15CV00182-MPM-JMV**

**INDUSTRIAL IRON WORKS, INC.**
*doing business as* **Adams Fertilizer Equipment**                          **DEFENDANT**


## <u>ORDER</u>

Before the Court are Defendant's Motion [50] for preservation of evidence and Plaintiff's

Motion [60] to compel responses to written discovery requests.  Having reviewed the record of

this case, the briefing of the parties, the applicable law, and having conducted a telephonic

hearing, the Court rules as follows:

*Motion for Preservation* of *Evidence*

The motion is DENIED, and there will be no alteration or dismantling of the device as

proposed or otherwise by any party at this stage in the litigation, particularly in view of the

passage of time since the subject accident and Plaintiff's arguments that his ability to prove his

claims are dependent upon the existing state of the design of the subject device.  Furthermore, no

person is to affix anything to the tabs claimed to reflect washer marks.

*Motion to Compel*

By the motion, Plaintiff asserts that certain of Defendant's responses to his Second Set of

Requests for Production of Documents are inadequate and that objections to certain requests

should be overruled.  Despite the tardiness of the motion, the Court finds Plaintiff's motion to

compel with respect to request for production number 1 is granted in part.  Counsel for

Defendant shall inquire of their client whether, to the best of the client's knowledge, any other

documents responsive to this request ever existed.  And, if any such documents ever existed,

Defendant shall state what happened to them.  Defendant's supplemental response must be

served within 5 days of this date.

      With respect to responses to requests for production numbers 4 and 5, the motion is

DENIED.  After carefully considering the motion with respect to these responses, the Court finds

the motion is made woefully late and in violation of L.U.Civ.R. 7.  Furthermore, the requests

themselves do not appear to necessarily seek the production of relevant documents.  For

example, request number 4 seeks "any designs of limit switch applications ever utilized on any

conveyor manufactured by the defendant."  What the particular design of a limit switch might be

does not appear to be the relevant issue here.  The same reasoning applies to request number 5.

      The motion to compel is DENIED as moot in all other respects.

      **SO ORDERED THIS,** the 6th day of October, 2016.


                        **/s/ Jane M. Virden**
                         **U. S. MAGISTRATE JUDGE**