IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

JAAKOVIS FORD                                                                                    PLAINTIFF

v.                                                                Civil Action No.: 4:15-cv-00182-MPM-JMV

INDUSTRIAL IRON WORKS, INC.                                                           DEFENDANT

**ORDER**

This matter is before the Court on Larita Ford's ("Larita") *Motion to Intervene* [114]. For the reasons set forth below, the Court finds that Larita should not be permitted to intervene in this action and that her motion should therefore be denied.

**Background**

Plaintiff Jaakovis Ford ("Jaakovis") was employed by Pinnacle Agricultural Distribution, Inc. ("Pinnacle") as a general laborer at the company's Rosedale, Mississippi, facility. Defendant Industrial Iron Works, Inc. d/b/a Adams Fertilizer Equipment ("Adams") manufactured a "seed/fertilizer load out conveyor," which was installed at Pinnacle's facility. On April 11, 2015, Jaakovis was shoveling fertilizer onto the conveyor and "his pants leg became caught by the exposed end of a rotating unguarded conveyor shaft." As a result, Jaakovis was severely injured and lost much of his right leg.

Jaakovis subsequently made a claim against Pinnacle and Starr Indemnity & Liability Company's ("Starr"), Pinnacle's workers' compensation insurance carrier, pursuant to the Mississippi Workers' Compensation Act. Pinnacle asserts that it has paid $161,045.13 to Jaakovis in workers' compensation benefits and medical expenses.

On November 9, 2015, Jaakovis filed suit against Adams—the manufacturer of the conveyor—in the Circuit Court of Bolivar County, Mississippi, asserting claims for negligence,

1

breach of warranties, strict tort liability, and products liability under Mississippi Code § 11-1-63 *et seq*. Adams timely removed the action to this Court. Pinnacle and Starr subsequently filed a motion to intervene, asserting that, pursuant to Mississippi Code § 71-3-71, they were entitled to reimbursement from Adams for the payments they made to Ford. The Court granted their motion to intervene.

This action was initially set for trial on February 6, 2017. The parties participated in a lengthy settlement conference on January 4, 2017, and a telephonic status conference on January 17, 2017. On January 18, 2017, the Court received confirmation that Jaakovis, Adams, Pinnacle, and Starr had reached a tentative settlement in the case. However, on January 17, 2017—the night before the parties reached the tentative settlement—Larita filed the present motion to intervene. In the motion, Larita asserts that she is Jaakovis' wife, "entitl[ing her] to Fifty Percent (50%) of Plaintiff's final settlement." Larita also asserts that she has three minor children with Jaakovis and that "Plaintiff is currently in arrears in child support for the three minor children that they have together in the amount of approximately Twenty Five Thousand Nine Hundred Fifty Dollars and Forty Cent [sic] ($25,950.40), and it continues to accrue on a monthly basis." She thus requests that the Court withhold part of the final settlement in this case to satisfy these obligations, along with attorney's fees and court costs she has incurred. Prior to filing the present motion, Larita had not been involved in any aspect of this case. As a result of the tentative settlement, the Court issued a stay of the pending motions and continued the February 6, 2017, trial setting.

Due to the unusual procedural posture of the case, the Court issued a show cause order, instructing each of the parties to file a memorandum concerning Larita's motion to intervene. Specifically, the Court ordered the parties to "file a memorandum with authorities explaining

their position as to why [Larita's] motion to intervene should be granted or denied." Each of the parties timely filed their responses.

## Discussion

"In the absence of a federal statute conferring an unconditional right to intervene, a motion to intervene as of right is governed by Federal Rule of Civil Procedure 24(a)(2)." *Ross v. Marshall*, 426 F.3d 745, 753 (5th Cir. 2005). Under Rule 24(a)(2), a motion to intervene is proper when:

> (1) the motion to intervene is timely; (2) the potential intervener asserts an interest that is related to the property or transaction that forms the basis of the controversy in the case into which she seeks to intervene; (3) the disposition of that case may impair or impede the potential intervener's ability to protect her interest; *and* (4) the existing parties do not adequately represent the potential intervener's interest.

*Id.* (quoting *Saldano v. Roach*, 363 F.3d 545, 551 (5th Cir. 2004)) (emphasis added). "Although failure to satisfy any one element precludes the applicant's right to intervene, . . . the inquiry under subsection (a)(2) is a flexible one . . . [and] must be measured by a practical rather than technical yardstick.'" *Id.* (quoting *Edwards v. City of Houston*, 78 F.3d 983, 999 (5th Cir. 1996)). Moreover, this Court has held that "[t]he party seeking to intervene must demonstrate that they have an interest that is 'significantly protectable.'" *J.T. Shannon Lumber Co., Inc. v. Gilco Lumber, Inc.*, 2008 WL 4553048, at *1 (N.D. Miss. Oct. 7, 2008).

Because the Court is unaware of any federal statute conferring upon Larita an unconditional right to intervene in this cause, her motion is governed by Rule 24(a)(2). Accordingly, she must satisfy each of the four elements listed above for intervention to be proper.

*Whether Larita's motion to intervene was timely:*

Regarding the timeliness requirement, the Fifth Circuit has set forth four factors to be considered: (1) the length of time during which the would-be intervener actually or reasonably should have known of her interest in the case before petitioning for leave to intervene; (2) the extent of prejudice that the existing parties to the litigation may suffer as a result of the would-be intervener's failure to apply for intervention as soon as she actually knew or reasonably should have known of her interest in the case; (3) the extent of the prejudice that the would-be intervener may suffer if her petition for leave to intervene is denied; and (4) the existence of unusual circumstances militating either for or against a determination that the application is timely. *Ross*, 426 F.3d at 754 (citing *Stallworth v. Monsanto Co.*, 558 F.2d 257, 264-66 (5th Cir. 1977)). "Although these factors give structure to the timeliness analysis, [the Fifth Circuit has] explicitly observed that the timeliness analysis remains 'contextual,' and should not be used as a 'tool of retribution to punish the tardy would-be intervenor [sic], but rather should serve as a guard against prejudicing the original parties by the failure to apply sooner.'" *Id.* (quoting *Sierra Club v. Espy*, 18 F.3d 1202, 1205 (5th Cir. 1994)).

Taking into account the specific facts of this case, the Court finds that Larita's motion for intervention was not timely filed. Larita was aware of her potential interest in intervening in this action well before she actually filed her motion on the day before the settlement was completed. In support of this point, Jaakovis' counsel, Charles Merkel, provided for the Court a copy of a letter he received from Larita's attorney, Jocelyn Henderson, wherein she stated that she represented Larita and requested that Merkel "make [her] aware of any pending settlements, so that [her] client may receive her fair share for herself and her children." This letter was dated September 7, 2016. Merkel also provided the Court with a copy of the letter his firm sent to

4

Henderson in response to her request, which was dated September 12, 2016. In the response, Merkel's firm informed Henderson that they did not represent Larita and that "she will need to take whatever action she believes necessary regarding whatever claims she believes she may have regarding his injury as she has not signed a contract with our firm. Therefore, we will not be protecting her interest, if any, regarding this claim."

This evidence shows that Larita was aware of Jaakovis' claim by September 7, 2016, at the latest. However, she inexplicably failed to file her motion to intervene until January 17, 2017, which, again, was the day before the settlement between the parties to the action was reached. In her response, Larita states that she tried numerous times to communicate with her husband and his counsel. Larita further "submits that as long as she filed an application for intervention prior to trial said application is timely."

The Court is unpersuaded by Larita's argument. Larita has provided no authority to support her bold assertion nor has she provided any evidence of her unsuccessful attempts to contact Jaakovis' counsel. In fact, the letter Merkel provided for the Court shows that his firm provided a response to Henderson's September 7, 2016, letter, advising her that the firm did not represent Larita and that she should take whatever action she deemed necessary. Larita, though, waited over four months to file her motion to intervene in the case.

The Court also notes that the other parties in this cause would suffer prejudice if it allowed Larita to intervene. The parties have engaged in extensive negotiations to achieve the tentative settlement. As noted by Adams in its response, "[a]ny intervention at this time could cause the plaintiff to attempt to repudiate the settlement agreement, and thereby prejudice [Adams]." Additionally, the Court has considered the other aforementioned timeliness factors,

and none of them strike this Court as weighing particularly heavily in Larita's favor. Therefore, the Court finds that Larita has failed to show that her motion to intervene was timely filed.

As noted above, "failure to satisfy any one element precludes the applicant's right to intervene[.]" *Ross*, 426 F.3d at 753. Thus, Larita's failure to satisfy the timeliness requirement precludes her right to intervene. However, the Court has nevertheless considered her motion as it relates to the remaining factors.

*Whether Larita asserts an interest that is related to the property or transaction forming the basis of the controversy forming the basis of this case:*

"The second requirement for intervention as a matter of right under [R]ule 24(a) is that the applicant have an 'interest' in the subject matter of the action. This interest must be 'direct, substantial, [and] legally protectable.'" *Sierra Club*, 18 F.3d at 1207 (quoting *Piambino v. Bailey*, 610 F.2d 1306, 1321 (5th Cir. 1980)).

Jaakovis asserts that Larita cannot satisfy this standard, specifically stating that "the movant herein refers to a nonspecific, unattached 'mandated support' order which has no relationship whatsoever to the product liability action filed by an injured party against the manufacturer and installer of a piece of machinery." The Court agrees with Jaakovis' argument. Larita has shown no direct interest in Jaakovis' products liability action. Also, the Court finds it important to note that Larita has not provided a copy of any order showing that she is entitled to receive any child support contribution from Jaakovis nor has she provided a copy of any order dividing marital property. Thus, the Court has no way of ensuring that her claimed interest is "legally protectable." Ultimately, the Court finds that Larita has not satisfied this requirement.

*Whether the disposition of the case may impair Larita's ability to protect her interest:*

"The third requirement of [R]ule 24(a) is that the applicant must be so situated that the disposition of the action may, as a practical matter, impair or impede his ability to protect his interest." *Id.*

Larita's *entire* argument as to this requirement is that "[i]f this action were to be disposed of without Mrs. Ford, and the funds released solely to Mr. Ford, as stated in the previous paragraph, it is likely that Mrs. Ford may not receive child support or her share of any potential settlement or judgment." The Court is unpersuaded. The disposition of Jaakovis' personal injury action does not impair Larita's ability to enforce a child support order in state court, presuming that such an order exists. Stated differently, the disposition of this personal injury case has no effect on her ability to enforce a state law judgment. This requirement is not satisfied.

*Whether the existing parties adequately represent Larita's interest:*

"The final requirement for intervention as a matter of right is that the applicant's interest must be inadequately represented by the existing parties to the suit. The applicant has the burden of demonstrating inadequate representation, but this burden is 'minimal.'" *Id.* (citing *Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n.10, 92 S.Ct. 630, 636, 30 L.Ed.2d 686 (1972)).

Here, the Court simply finds that Larita's interest is inapplicable to this case. As stated above, she has failed to show a connection between her interest and Jaakovis' products liability action against Adams. Accordingly, she cannot satisfy this requirement. Thus, the Court finds that Larita has satisfied none of the Rule 24(a)(2) requirements, rendering her motion to intervene improper.

The Court additionally notes that Section 71-3-129 of the Mississippi Code provides an individual the ability to "cause a lien for unpaid and delinquent child or spousal support to be

placed upon any workers' compensation benefits payable to an obligor delinquent in child support or spousal support payments . . ." Miss. Code Ann. § 71-3-129(a). The statute provides, in detail, the procedural requirements with which an individual must comply to obtain the liens. Larita has, however, failed to comply with any of the statutory requirements. This also weighs against permitting her to intervene in this action.

## Conclusion

Larita Ford cannot satisfy the Rule 24(a)(2) requirements for intervention. Additionally, she failed to follow the procedural requirements set forth in Section 71-3-129 of the Mississippi Code. Therefore, it is hereby ORDERED that her *Motion to Intervene* [114] is DENIED.

SO ORDERED, this the 13th day of February, 2017.

**/s/ MICHAEL P. MILLS**
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF MISSISSIPPI**